**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JIMMIE L. DIXON, #29531-077,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0887-R |
| | ) | ECF |
| **U.S. DISTRICT JUDGE JOE KENDALL,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil action brought by a federal inmate.

Parties:  Plaintiff is presently incarcerated at FCI Seagoville.  Defendant is retired U.S. District Judge Joe Kendall.

The Court did not issue process in this case, pending preliminary screening.

Statement of Case:  Plaintiff seeks to sue Judge Kendall for conduct he allegedly engaged in during Plaintiff's federal criminal trial on or about May 15, 2000.  See United States v. Dixon, 3:97cr0084-X (N.D. Tex., Dallas Div.).  He alleges that Judge Kendall admitted prejudicial evidence, changed the indictment, and permitted the trial to proceed even though Plaintiff was clearly incompetent and did not participate in his own defense.  Plaintiff requests "correction of [his] conviction," and monetary damages.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

This Court lacks jurisdiction to "correct[]" Plaintiff's conviction as he requests in this civil action. Insofar as Plaintiff requests release from confinement or a reversal of his conviction, his claim is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq*, or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (a prisoner cannot use a civil right action to challenge "the fact or duration of his confinement."); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Plaintiff's request for monetary relief fares no better. Judge Kendall is absolutely immune from any claims for monetary damages.[1] According to Plaintiff, Judge Kendall

---

[1] "Despite the applicability of Heck v. Humphrey, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently §

admitted prejudicial evidence, changed the indictment, and permitted the trial to continue even though he was incompetent. It is self-evident that any ruling issued by Judge Kendall during Plaintiff's criminal trial occurred in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages. Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995).

Accordingly, Plaintiff's claims against Judge Kendall should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claim requesting the Court to correct his conviction should be dismissed without prejudice for want of jurisdiction.

It is further recommended that Plaintiff's claims for monetary relief be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from

---

1915(e)] determination." Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir.1994)); see also Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under Heck, it remains appropriate for district courts to resolve the question of immunity before reaching the Heck analysis).

[2] Even assuming Plaintiff's claim against Judge Kendall were not barred by absolute immunity, it would impugn on the validity of his federal conviction and sentence in Cause No. 3:97cr0084-X. Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), Plaintiff's claim is not cognizable in this civil rights action, unless Plaintiff's federal conviction is reversed, expunged, invalidated or called into question. A review of the docket sheet in 3:97cr0084-X reflects that the Fifth Circuit Court of Appeals affirmed Plaintiff's conviction and, most recently, denied a certificate of appealability with respect to his § 2255 motion. Moreover, presently pending before the United States Supreme Court is Plaintiff's motion for leave to file an out-of-time petition for writ of certiorari, stemming from the Fifth Circuit denial of the certificate of appealability in his § 2255 case.

such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 25th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.